**UNITED STATES of America**

v.

**James L. ISAAC.**

**Crim. No. 1347–68.**

United States District Court
District of Columbia.

April 25, 1969.

Kenneth H. Lilies, Washington, D. C., appointed by Court of Appeals of District of Columbia Circuit to represent defendant on appeal.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The defendant has moved that the transcript of the prosecutor's opening statement, the closing arguments of counsel, transcripts of the sentencing hearings pertaining to defendants Isaac and Holly, and copies of the presentence reports considered by the Court, be prepared and furnished at the expense of the United States.

■ This Court is of the opinion that the defendant has not alleged sufficient reasons to justify the preparation and furnishing of the prosecutor's opening statement and closing arguments of counsel. It has been the practice of this Court not to order the preparation of opening or closing statements at the government's expense in the absence of a showing that there is a reason to furnish them to appellate counsel. Counsel on appeal in this case has undoubtedly conferred with trial counsel, yet there is no indication, however general, in either the motion or its accompanying papers that anything improper was said in either the opening or closing arguments to warrant preparation of that portion of the proceedings.

There likewise appears to be no need for any further order requiring the preparation of transcripts of the sentencing hearings, since a portion of those proceedings have been prepared and filed and the remainder are to be transcribed and will become available as part of the record of the case.

■ Insofar as the defendant's motion requests disclosure of the presentence reports, this Court reaffirms its consistent policy to treat these documents as confidential communications between itself and the United States Probation Office. Rule 32(c) (2) of the Federal Rules of Criminal Procedure specifically provides that disclosure of the contents of the presentence report is discretionary with the trial judge. See Gregg v. United States, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (April 2, 1969).

The various factors in support of such a policy were recently discussed by Judge Gesell in United States v. Conway, 296 F.Supp. 1284 (D.C.D.C.). He concluded that:

> disclosure of presentence reports will not be consistent with the interests of justice, will lead to less informative and more boiler-plate types of reports, and will result in numerous delays and supplementary proceedings. *ibid.*

■ The sentencing function of the District Judge is central to his role in the administration of justice and it is vital that he preserve the integrity and candidness of his sources of information. It is my view that if the presentence report were to become subject to the adversary process—and indeed it would, since disclosure to the defense counsel necessitates disclosure to the prosecution, see Federal Rules of Criminal Procedure Rule 32(c) (2)—the resulting report would be significantly less useful to the Court.

For the foregoing reasons, it is this 25th day of April, 1969,

Ordered that the defendant's motion be, and the same hereby is, denied.