**Billie A. BRYANT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21863.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 3, 1969.

Decided Aug. 7, 1969.

Mrs. Patricia Roberts Harris, Washington, D.C. (appointed by this court) with whom Mr. William Beasley Harris, Washington, D.C., was on the brief, for appellant.

Mr. Robert S. Bennett, Asst. U.S. Atty., with whom Messrs. David G. Bress, U.S. Atty., at the time the brief was filed, Frank Q. Nebeker, Asst. U.S. Atty., at the time the brief was filed, and Harold H. Titus, Jr., now Principal Asst. U.S. Atty., were on the brief, for appellee. Mr. Thomas A. Flannery, U.S. Atty., also entered an appearance for appellee.

---

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

FAHY, Senior Circuit Judge:

Appellant was convicted on 15 counts of a retyped 25 count indictment,[1] all counts of which resulted from charges connected with four separate robberies of two savings and loan associations in this District. The accounts of the associations were insured by the Federal Savings and Loan Insurance Corporation, thus furnishing basis for charges under 18 U.S.C. § 2113(a).[2] Appellant was acquitted of the charges growing out of one of the episodes, thus eliminating eight counts. There was a directed verdict of not guilty on one count, charging assault with a dangerous weapon, and an acquittal on another similar count. The crimes charged in the 15 counts on which appellant was convicted are as follows:

Three offenses of entering with intent to commit robbery, each in violation of 18 U.S.C. § 2113(a);[3] four offenses of taking by force and violence from another, property or money in possession of a savings and loan association, each also in violation of the same section 2113(a); four counts of robbery in violation of 22 D.C.Code § 2901;[4] four counts of assault with a dangerous weapon in violation of 22 D.C.Code § 502.

The following sentences were imposed:

For each of the three "entering" offenses under Section 2113(a), 6 to 18 years, to run consecutively, and for each of the four "taking" offenses under the same section, 6 to 18 years, to run consecutively except that the sentence for one of these offenses was to run con-

---

1. The original indictment returned against appellant consisted of 34 counts. Counts 1 through 9 of this original indictment charged appellant with offenses arising from two 1966 robberies of two District of Columbia savings and loan associations. At the commencement of trial these counts were dismissed with prejudice upon motion of the Government and the remaining 25 counts renumbered and retyped for submission to the jury.

2. "That which the Federal Government has power to create and supervise it has power to protect." Mosco v. United States, 301 F.2d 180, 186 (9th Cir.), cert. denied, Hansen v. United States, 371 U.S. 842, 83 S.Ct. 72, 9 L.Ed.2d 78. *See also* Toles v. United States, 308 F. 2d 590, 594 (9th Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66, rehearing denied, 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 280; Way v. United States, 268 F.2d 785 (10th Cir.); and *see* note 3, *infra*.

3. § 2113. *Bank robbery and incidental crimes*
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
      *    *    *    *    *
   (g) As used in this section the term "savings and loan association" means any Federal savings and loan association and any "insured institution" as defined in section 401 of the National Housing Act, as amended, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act.
18 U.S.C. § 2113(a) and (g).

4. Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, *    *    *.
22 D.C.Code § 2901.

currently with one of the other three sentences for offenses of that character. Since the above sentences under the two parts of Section 2113(a) were to begin at the same time they were concurrent. Thus the sentences on the convictions of the counts resting upon Section 2113(a) total 18 to 54 years. The sentences for the four offenses in violation of 22 D.C. Code § 2901 aggregate 15 to 45 years, and were to run concurrently with the 18 to 54 year sentences previously referred to. The four assault sentences were 3 to 10 years each, two to run consecutively, and two to run consecutively but concurrently with the first two. These aggregate sentences of 6 to 20 years also were to run concurrently with the 18 to 54 year sentences.

The principal contention on appeal is that the identification of appellant as the offender was mistaken. If, however, the in-court identification testimony was admissible this contention must fail for that testimony clearly supports the determination of the jury that appellant was the one who committed the offenses. The question of admissibility turns upon whether the testimony was preceded by pre-trial identification procedures which were so unnecessarily suggestive as to constitute violations of due process of law under the standards of Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199, as further explicated in Simmons

v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247.[5]

Even were we to assume that those procedures were unnecessarily suggestive and conducive to mistaken identification, the Government's case at trial consisted of in-court identifications made by various employees who witnessed the robberies, and we are satisfied that these in-court identifications were not so tainted by the procedures referred to "as to give rise to a very substantial likelihood of irreparable misidentification."[6] As this court stated in Clemons v. United States, *supra*, 133 U.S.App.D.C. at 47, 408 F.2d at 1250, the in-court identifications "were based on sources independent of the improper confrontations * * * and did not therefore create, in the language of *Simmons*, a 'very substantial likelihood of irreparable misidentification.'"[7]

Appellant was identified at trial as the offender by six employees of the institutions robbed who witnessed the robberies. Before permitting them to testify the trial court conducted a hearing out of the presence of the jury to enable the court to decide the *Stovall-Simmons* issues.[8] There is no need for us to set forth in this opinion in an elaborate manner the details of the hearing, to which we have given careful attention. It disclosed the use of pre-trial photographic and "line-up" identification procedures. The hearing delved also into the oppor-

5. The pre-trial identification confrontations occurred prior to the date of the *Stovall* decision, June 12, 1967, so that the standards of that case, as noted in Simmons v. United States, *supra*, apply rather than the prospective standards of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

6. *See Simmons* and *Stovall*, both *supra*, and Clemons v. United States, 133 U.S.App. D.C. 27, 408 F.2d 1230.

7. The trial judge limited his ruling to a determination of independent source:
    * * * since [the prosecutor] has indicated that he does not intend to use

the out-of-court identifications as evidence, it will not be necessary for the Court to determine whether those identifications violated due process. It is left for the Court to determine only whether the government can establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect, other than the lineup identifications.

*See* United States v. Wade, note 5, *supra*, 388 U.S. at 240–241, 87 S.Ct. 1926.

8. Appellant's case came to trial in February, 1968. This court's *en banc* decision in *Clemons*, *supra*, issued December 6, 1968.

tunity of the witnesses to identify the robber at the time of the robberies. Some of the witnesses saw him on the occasion of two of the robberies, and recognized him as the same man, the appellant. Also disclosed was a pattern of the offender's method, a similarity in some of the clothing he wore, and his common use of a distinctive chrome-plated pistol and a: black brief case to hold the money taken. Each witness who identified appellant in court had assured the trial judge during the hearing that his in-court identification rested upon his observations at the time of the robbery which he witnessed. The total factors which led to the identifications, while, as counsel for the United States acknowledges, in some details suggestive, amply support the conclusion of the trial judge that the in-court identifications of appellant were based on sources independent of the confrontation procedures assailed as objectionable, and accordingly we conclude that the circumstances were not "so unnecessarily suggestive and conducive to irreparable mistaken identification that he [appellant] was denied due process of law" by the admission into evidence of the in-court identifications. We find no reversible error in such admission.[9] In reaching this conclusion we are supported not only by the witnesses' own credible testimony as to their identifications, independent of any suggestive procedures, but by the totality of the surrounding circumstances. Simmons v. United States, *supra*, 390 U.S. at 382–386, 88 S.Ct. 967, and *see* Clemons v. United States, *supra*, 133 U.S.App.D.C. at 45, 408 F.2d at 1248 *et seq.*

■ The only other matter raised by appellant is that since he was convicted of the "taking" under 18 U.S.C. § 2113 (a) he could not also be convicted under the same section of the charges of "entering" the associations to commit robbery. Reliance is placed upon Prince v. United States, 352 U.S. 322, 77 S.Ct.

403, 1 L.Ed.2d 370. The case cited supports appellant's position. The Supreme Court held in *Prince* that the intent of Congress evidenced by Section 2113(a) was not to pyramid the two offenses— that when the robbery was completed the entry with intent to rob merged with the completed offense. As the Court stated in Heflin v. United States, 358 U.S. 415, 419, 79 S.Ct. 451, 453, 3 L.Ed.2d 407:

> "We held in Prince v. United States, *supra*, that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery. We ruled that entering with intent to steal, which is 'the heart of the crime,' *id.*, 352 U.S. at 328, 77 S.Ct. at page 407, 'merges into the completed crime if the robbery is consummated.' *Ibid.* * * * "

The sentences were consecutive in *Prince*, 20 years for the completed robbery, the "taking," and 15 years for the entry with that intent. The Court reversed the judgment of the Court of Appeals, which had affirmed, and remanded to the District Court for resentencing in accordance with the opinion of the Court. Thus the Court did not merely vacate the 15 year sentence, leaving the 20 year sentence in effect.

Applying *Prince* to the present case the convictions of appellant on the three charges of entering with intent to rob were not permissible, since those offenses in the circumstances merged into the completed robberies of which appellant was convicted. The "entering" convictions accordingly must be set aside; and since we cannot say that the sentences for the affirmed convictions of robbery under Section 2113(a) were not influenced by the impermissible convictions under that section, we not only set aside the latter convictions as inconsistent with *Prince* but remand for resentencing on the robbery convictions under Section 2113(a) which we affirm.

9. The identification of appellant as the robber carries over to his convictions of assault with a dangerous weapon. A pistol was used in accomplishing each robbery.

We think appellant's contentions regarding the adverse effect of the consecutive sentences upon appellant's rehabilitative potential should be addressed to the sentencing court.

It is so ordered.