**UNITED STATES of America**

v.

**Randolph QUEEN, Appellant.**

**No. 23524.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 15, 1970.

Decided June 29, 1970.

Mr. Michael A. Schuchat, Washington, D. C. (appointed by this court) for appellant.

Mr. Terry Philip Segal, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Thomas C. Green, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, MacKINNON and WILKEY, Circuit Judges.

PER CURIAM:

Appellant was convicted of robbery and assault with a deadly weapon in connection with the robbery of a cleaning establishment. On appeal he raises two points.

■■ The trial judge sentenced appellant to prison for 4 to 12 years without exercising her discretion under Federal

Criminal Rule 32(c) (2) to furnish appellant or his counsel the pre-sentence investigation report.[1] We reject the contention of appellant that under the circumstances of this case the failure to furnish the pre-sentence report violated due process of law. While we believe that the discretion called for by Rule 32 is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy of non-disclosure in all cases irrespective of circumstances,[2] yet on the facts of this case it is clear that the most important element of the usual pre-sentence report, appellant's record of prior convictions, was disclosed to appellant and his counsel during trial.[3] On this record, it appears that appellant and his counsel had an opportunity to confirm or deny the record of previous convictions, and to explain the circumstances thereof. Hence failure of the trial judge to exercise discretion under Rule 32 does not give rise to any legitimate complaint of lack of due process.[4]

■ Appellant also argues that the constitutional requirement of counsel at the police lineup was not satisfied by the presence of "substitute counsel", who was not formally appointed to represent appellant. At the time of the lineup appellant had not been indicted for these offenses. The presence of an attorney from the Legal Aid Agency on behalf of each suspect, including appellant, placed in a lineup, appears to satisfy the constitutional requirement.[5] United States v. Wade, 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); United States v. Kirby, 138 U.S.App.D.C. 340, 427 F.2d 610 (1970); Mason v. United States, 134 U.S.App.D.C. 280, 284, 414 F.2d 1176, 1180 (1969). Furthermore, we have examined the lineup picture itself and do not find anything in the lineup that was suggestive or unfair to appellant.

■ In addition to the two eyewitnesses of the crime who identified appellant at the lineup, there was a third eyewitness who saw appellant before the robbery and during the robbery over a period of two minutes from a distance as close as two feet, and who identified appellant at trial. Under these circumstances we find that the lineup itself was fair and that the admission at trial of the evidence of the two lineup identifications of appellant could not have been prejudicial.

Judgment affirmed.

---

1. We note that, as the Supreme Court has recently observed, "[P]resentence reports are documents which the rule does not make available to the defendant as of right." Gregg v. United States, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969).

2. In the instant case, appellant represents, and the record indicates, that the trial judge refused disclosure of the presentence report pursuant to her general policy of non-disclosure, and without any reference to the need for disclosure or confidentiality in the circumstances of this particular case.

3. The court, pursuant to the rule announced in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), held a hearing to determine whether either of appellant's two prior convictions could be used to impeach his credibility.

On oral argument before this court, appellant's counsel, who was also trial counsel in this case, conceded that these two convictions accounted for appellant's entire record of prior convictions.

4. Cf., Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), where the Supreme Court found a violation of due process where a defendant "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue." [Emphasis added]. In the instant case, as we have pointed out, appellant's criminal record was accurately known and discussed by the court and defense counsel at the Luck hearing.

5. We are advised that the substitute counsel procedure is no longer being used in this jurisdiction. See, United States v. Kirby, infra, 427 F.2d at 614.