### UNITED STATES of America
### v.
### Billie A. BRYANT, Appellant.
### No. 23558.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 5, 1970.

Decided Feb. 4, 1971.

Robb, Circuit Judge, dissented and filed opinion.

---

776

Mrs. Patricia Roberts Harris, Washington, D. C. (appointed by this Court) for appellant.

Mr. Broughton M. Earnest, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

FAHY, Senior Circuit Judge:

In Bryant v. United States, 135 U.S. App.D.C. 138, 417 F.2d 555 (1969), we affirmed the convictions of the present appellant on 15 counts of an indictment growing out of four separate robberies of two savings and loan associations in the District of Columbia. He had been

sentenced to 18 to 54 years imprisonment for three offenses of entering the institutions with intent to rob, in violation of 18 U.S.C. § 2113(a), and also to 18 to 54 years for the completed robberies, in violation of 18 U.S.C. § 2113(a), the sentences to run concurrently. Under Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), we held that only the convictions for the completed robberies were valid; and since we could not say that the robbery sentences were not influenced by the impermissible convictions for entering, we remanded for resentencing.

On the remand appellant was sentenced again to 18 to 54 years imprisonment for the robberies.[1] He now attacks these sentences on the ground that the court denied his counsel's request for permission to inspect the presentence reports utilized by the court in sentencing. The request was denied consistently with the judge's uniform policy, as previously set forth in United States v. Isaac, 299 F.Supp. 380, 381 (D.D.C. 1969), "to treat these documents as confidential communications between itself and the United States Probation Office."[2] We hold that the court did not properly exercise its discretion in denying the request and accordingly we remand the case again for resentencing.

1. Rule 32(c) (2) of the Federal Rules of Criminal Procedure authorizes the sentencing court in the following terms to disclose the presentence report: * * * The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an

1. When appellant was asked by the court if he wished to make a statement or offer any information in mitigation of punishment, he responded by criticizing our remand as irrelevant and an insult. He added: "Personally, I take the opinion as an insult. I am quite satisfied with the sentence I got. Only thing I can see you can really do to improve upon it would be to give me more years on it. I am not interested in how few years it is, I am not interested in this particular

society whatsoever. * * * That's not all, but I think you got a law against the rest." In the end, however, after his emotional outburst, he said, "Id like to appeal this case"; and his counsel on appeal ably urges the error we discuss.

2. In denying defense counsel's request, the court merely read from its opinion in United States v. Isaac, supra; it did not give further specific reasons for its denial in this case.

opportunity to the defendant or his counsel to comment thereon. \* \* \*

In United States v. Queen, 140 U.S. App.D.C. 262, 435 F.2d 66 (1970), decided subsequently to the sentencing of appellant, we stated:

[W]e believe that the discretion called for by Rule 32 is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy of non-disclosure in all cases irrespective of circumstances \* \* \*.

We held in *Queen* that the failure of the court in the circumstances there presented to disclose the presentence report did not violate due process of law. We adhere, nevertheless, to the view expressed in *Queen* that the discretion must be exercised in each individual case.

A trial court is faced with no more difficult task than imposing sentence. If the sentence is within the latitude granted by statute and is imposed in a procedurally correct manner, the court has a well-nigh unreviewable discretion. The heavy burden on the court is a reflection of the importance of the sentence to the public interest as well as to the defendant who is most directly affected.

The provision of Rule 32(c) (2), that the presentence investigation and report "shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court," demonstrates the care the law-making authorities require of the judge in each case. Withholding the information from the defendant or his counsel may permit material of a derogatory character to be used *ex parte* against the defendant. It also deprives the defendant of any opportunity to help the court in its appraisal of favorable information. The court, in short, is deprived of any help

from defendant and his counsel in respect to the report.

The principal reason advanced to justify nondisclosure is to protect the confidentiality of useful information and thus avoid drying up the sources of information. This raises a question, however, in a matter of such importance, whether information which the informer is unwilling to have disclosed to the person principally affected should be used in the sentencing process. A number of jurisdictions, in weighing the competing considerations, are now requiring disclosure. *See* Notes of Advisory Comm. on Rules, 18 U.S.C. Rule 32 (Supp. V, 1970). Moreover, as the Advisory Committee stated: "It is hoped that courts will make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences." *See also* Note, The Presentence Report: An Empirical Study of its Use in the Federal Criminal Process, 58 Geo.L.J. 451, 470–475, 481–486 (1970).

2. Appellant urges that there must be disclosure where, as in his case, the sentence is exceptionally long. He relies upon the Due Process Clause of the Fifth Amendment and the right to counsel guarantee of the Sixth Amendment. We do not think Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), forecloses this constitutional contention. The decision there involved the right of confrontation and cross-examination of persons who supplied information in aid of the sentencing. In the present case we are concerned, in contrast, only with the claim of right of access to and comment upon the information. The Rule vesting discretion in the court, however, has had the approval of the Supreme Court, and the Court had before it the view of its Advisory Committee that due process does not require disclosure. Notes of Advisory Comm. on Rules, *supra*. In addition, in Gregg v. United States, 394 U.S. 489, 492, 89 S.

Ct. 1134, 1136, 22 L.Ed.2d 442 (1969), though not a decision on the issue of due process but a comment upon the terms of the Rule, the Court stated that "[p]resentence reports are documents which the rule does not make available to the defendant as a matter of right." In Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), however, in setting aside a sentence, the Court based its decision in good part upon the fact that the judge had relied in the sentencing upon misinformation about the defendant's record. It is difficult to see how it can be known whether a court has relied upon misinformation unless the information is disclosed to the defendant or his counsel.

On the whole, therefore, we do not think the Supreme Court has foreclosed the constitutional question. *See* Katkin, Presentence Reports: An Analysis of Uses, Limitations and Civil Liberties Issues, 55 Minn.L.Rev. 15 (1970). We are not faced, however, with the necessity in this case of resolving the constitutional question or of possibly exercising our supervisory power. We accordingly limit our decision as forecast in *Queen*, with the hope, we add, of encouraging consideration by the District Court of adopting more uniform guidelines in carrying out the authority granted by the Rule.

■ 3. We hold that the discretion whether—and to what extent—defendant or his counsel is to have access to the presentence report, with accompanying opportunity to comment upon it, must be exercised in each individual case. We further think that sound judicial administration requires that the fact that such discretion has been exercised appear on the face of the record. We do not undertake to specify how this should be done, for different judges, each exercising his good judgment in good faith, may appropriately handle the matter in different ways. When a judge has disclosed all or part of the report to defendant or his counsel, a brief statement of that fact, which of itself reflects that discretion has been exercised, is all that is required. If the judge has concluded that in the circumstances before him in the particular case no part of the report should be disclosed to either defendant or his counsel, it should not be unduly burdensome for him to make an appropriate statement on the record.[3]

The length of appellant's sentence emphasizes the wisdom of our interpretation of the Rule. For, though it appears from the transcript that appellant had no prior criminal record,[4] we cannot surmise that nothing in the report, either of a derogatory or of a favorable nature, if made known to appellant or his counsel, could not have been commented upon in a manner useful to the court. Since this possibility is almost invariably present, there is need for the court at least not to close its mind to the advisability of disclosure.

The sentences are set aside and the case is remanded for resentencing in a

---

3. The court will have in mind the provisions of D.C.Code § 11–1586 in respect of any Juvenile Court records involved.

4. At the time of the original sentencing counsel for the defendant stated to the court, "[A]s Your Honor knows the defendant has no criminal background * * *." This statement appears to have been accepted as correct. We point this out to emphasize that when at the original sentencing the judge noted that defendant had been convicted of three separate bank robberies and that in at least two of these cases he was armed with and threatened to use a pistol, as pointed out by our Brother Robb, the judge was not referring to a prior record of convictions but to the convictions for which sentence was about to be imposed. Moreover, to the extent that a prior criminal background is taken into account by a sentencing judge, a critical question is whether the defendant has persisted in a criminal pattern of conduct after he had been sentenced as a first offender, with the benefit of such rehabilitative and job-training techniques as may have been available to him. There were no such factors in the case at bar, however, for appellant had no criminal record prior to the commission of the offenses proved at trial.

manner not inconsistent with this opinion.

ROBB, Circuit Judge (dissenting):

I am unable to agree with the decision of the majority.

The decision adds a new complication to the intricate machinery of criminal procedure: a sentencing judge must in each case explain and justify his refusal to disclose the presentence report to a defendant. If his explanation is more than perfunctory it will inevitably become the subject of controversy and no doubt will be scrutinized on appeal. Furthermore, anything beyond a routine formal statement will at least partially disclose the contents of the confidential report. I think the wide discretion granted to the district court by Rule 32(c) (2) ought not to be trammeled in a way that will have such results.

In my opinion the ruling of the majority is especially inappropriate in the circumstances of this case. At the time he first sentenced Bryant the district judge announced that he would explain the reason for the sentence so that "the defendant will understand why the Court is imposing the sentence that it has determined is called for in this case". The judge then noted that the defendant had been convicted of three separate bank robberies and that in at least two of these cases he was armed with and threatened to use a pistol. The judge emphasized that in his opinion the deterrent effect of the sentence on others was an important factor for the court to consider. These reasons, which were the only ones mentioned by the judge, were based upon the evidence at trial, and had nothing whatever to do with the contents of the presentence report. I think we should take the district judge at his word, and should not assume that inspection of the presentence report by the defendant might have produced a different result.