UNITED STATES of America

v.

Billie Austin BRYANT, Appellant.

No. 81–1533.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 21, 1981.

Before ROBINSON, Chief Judge, and MacKINNON and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The basic facts in this case are set forth in the opinion of the court released today in 80–1732, *Bryant v. Civiletti,* 663 F.2d 286 (D.C.Cir.1981). Bryant now appeals from an order of May 5, 1981, denying another motion to vacate his sentence under 28 U.S.C. § 2255. He contends:

(1) The district court lacks jurisdiction over appellant because the counts of the indictment on which he was convicted had been dismissed before he was tried;

(2) The court's failure to explicitly set forth a minimum term of incarceration resulted in an erroneous sentencing; and

(3) That the consecutive life sentences for murder should be deemed to have begun to run on the date they were imposed because the earlier sentences for bank robbery to which they were consecutive were subsequently vacated and reimposed.

■ This court ruled against Bryant's jurisdictional argument in his initial appeal from the conviction. *United States v. Bryant,* 471 F.2d 1040, 1045 (D.C.Cir.1972). That decision is conclusive here, *see Laughlin v. United States,* 474 F.2d 444, 451–52 (D.C.Cir.1972), *cert. denied,* 412 U.S. 941, 93 S.Ct. 2784, 37 L.Ed.2d 402 (1973). The D.C. Code murder counts (2 and 4) were never dismissed. Consideration was given at one stage of the pretrial proceedings to dismissing the D.C. murder counts and trying Bryant on the federal murder counts (1 and 3), when the transfer of the venue of the case to the United States District Court in Richmond, Virginia was contemplated to ensure a fair trial. However, Bryant was tried and convicted on the D.C. counts in the United States District Court in the District of Columbia. Bryant's present contention is therefore absolutely without merit.

■ Appellant's second contention is that the sentencing court failed specifically to enunciate a minimum term of confinement as allegedly required by D.C.Code § 24–203.[1] This contention is fully answered contrary to Bryant's contention in our opinion today in *Bryant v. Civiletti, supra.* In short, sentences for first degree murder are outside the general minimum term provision of § 203 because such sentences are covered by a special provision that provides:

*Notwithstanding any other provision of law,* a person convicted of first degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole after the expiration of twenty years from the date he commences to serve his sentence.

---

1. D.C.Code § 24–203 provides:

Where the maximum sentence imposed is life imprisonment, a minimum sentence shall be imposed which shall not exceed fifteen years' imprisonment.

D.C.Code § 22–2404 (1973) (emphasis added). This *statutory* minimum—which is incorporated automatically into the sentence once the mandatory sentence of death or life imprisonment for first degree murder is imposed—is sufficient to satisfy the minimum sentence requirement of the Code. The special statute prevails over the general provision as spelled out in our opinion today in No. 80–1732, 663 F.2d 286.

■ Finally, appellant contends:

On November 3, 1969, this Court sentenced the Petitioner to two consecutive terms of life imprisonment, such sentences to run consecutive to each other and consecutive to a sentence previously imposed in case number 849–67, (this sentence was vacated by the United States Court of Appeals for the District of Columbia Circuit in August, 1969, and Petitioner was resentence[d] to the same term in September, 1969).[2]

Bryant's Motion of January 16, 1981, p. 3.

It thus appears that the two life sentences that Judge Gesell ordered to run consecutively to three consecutive sentences for three bank robberies previously imposed by Judge Sirica of the United States District Court, as described in the margin, were later vacated and a correctional resentencing ordered by this court. However, on resentencing there was never any change in the total sentences of 18 to 54 years and all time served would be credited first to such sentences. On these facts appellant contends, since he was resentenced after the original sentence was vacated, that the life sentences imposed on the murder convictions by Judge Gesell began to run from the date they were adjudged, and not from the conclusion of the final bank robbery sentences imposed by Judge Sirica *after remand.* The matter is as broad as it is long—Bryant would still be required to serve a total of 50 years on these sentences before becoming eligible or considered for parole. However, all the time served by appellant while his bank robbery sentences were being corrected was properly credited on such convictions. The sentences imposed by Judge Gesell, insofar as eligibility for parole is concerned, were at all times, intended to begin only upon the expiration of the minimum sentences imposed for the previous bank robbery offenses.[3] The earli-

2. This court in *Bryant v. United States*, 417 F.2d 555 (D.C.Cir.1969) on August 7, 1969, applied *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) and *Heflin v. United States*, 358 U.S. 415, 419, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959) to the sentences imposed for three robberies of Savings and Loan Associations in the District of Columbia in violation of 18 U.S.C. § 2113. Consecutive sentences were imposed for the "robberies." Six to 18 years for each of the three offenses—a total of 18 to 54 years. In addition *concurrent* sentences were imposed for other included crimes of the same robberies which *Prince* and *Heflin* ruled was impermissible because those offenses merged into the robbery. This court set aside the concurrent sentences and remanded for resentencing on the robbery convictions under § 2113(a) because the court could not say that the sentences for the affirmed convictions for robbery under § 2113(a) were not influenced by the impermissible convictions under that section, for which concurrent sentences had been imposed. On remand Judge Sirica again sentenced defendant to total terms of 18 to 54 years imprisonment for the robberies. On a subsequent appeal this court again set the sentences aside and remanded the case for resentencing on the ground that defense counsels' request for permission to inspect the

pre-sentence reports utilized by the courts in sentencing had been impermissibly denied. *United States v. Bryant*, 442 F.2d 775 (D.C.Cir. 1971). On remand the same sentence was imposed and apparently such sentences were not appealed.

3. Service of sentences involves several components. Two of them are (1) time credited against the basic sentence, and (2) time credited against the minimum sentence that must be served before the prisoner becomes eligible for parole. Where consecutive sentences are adjudged the fact that a prisoner serves sufficient time to be eligible for parole consideration on the first sentence does not mean that he then becomes entitled to a parole hearing or that he has fully served that sentence. Here, for instance, the fact that Bryant has served the 10 years required for parole consideration on his bank robbery sentences does not mean that he was entitled to a parole hearing or that he has served the 18 to 54 year sentences. It does mean, however, that the time he has served after 10 years has been credited against the 20-year minimum requirement for parole consideration on his *first* life sentence. After that is served he has another 20 years to serve before he would become *eligible* for parole for

er sentences were not increased when they were corrected at resentencing and the findings of guilt on the bank robbery offenses were never set aside—only the sentences which were remanded out of an abundance of caution for the court to allow the trial judge to reconsider the sentences in view of vacating the convictions on the included offenses.

It is therefore concluded that the request for appointment of counsel be DENIED and the appeal be *sua sponte* DISMISSED.

*Judgment accordingly.*

the first time on these three convictions. The Parole Commission is not required to grant him a parole hearing until those 50 years have been served, and even that date may be extended in the event there are other *consecutive* federal sentences.