# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 19, 2019         Decided July 26, 2019

No. 18-3087

UNITED STATES OF AMERICA,
APPELLEE

v.

JERRY MCILWAIN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cr-00214-1)

*A.J. Kramer*, Federal Public Defender, argued the cause and filed the memorandum of law and fact and reply for appellant.

*Daniel J. Lenerz*, Assistant U.S. Attorney, argued the cause for appellee. With him on the memorandum of law and fact were *Jessie K. Liu*, U.S. Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: GARLAND, *Chief Judge*, TATEL, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* GARLAND.

Opinion concurring in part and concurring in the judgment filed by *Senior Circuit Judge* SENTELLE.

GARLAND, *Chief Judge*: Federal Rule of Criminal Procedure 32(e)(3) provides that, "by order in a case," a district court "may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Defendant Jerry McIlwain filed an unopposed motion asking the district court to direct the probation officer to disclose the sentencing recommendation in his case. The court denied McIlwain's request pursuant to its "policy" of "always treat[ing]" the recommendations "as confidential." 11/30/18 Sent'g Tr. 3 (App. 58). Rule 32(e)(3), however, requires a district court to exercise discretion in deciding whether to withhold the recommendation. Because that discretion must be based on case-specific reasoning rather than on a uniform policy, we vacate McIlwain's sentence and remand for resentencing.

I

In June 2017, the Federal Bureau of Prisons released Jerry McIlwain from detention in Cumberland, Maryland and directed him to report to Hope Village, a halfway house in Washington, D.C., to serve the remaining ten months of his sentence. McIlwain never reported to the halfway house, and the Bureau placed him on escape status. About a year later, a federal grand jury indicted McIlwain for escape, in violation of 18 U.S.C. § 751(a). A magistrate judge issued a warrant for his arrest, and U.S. Marshals took him into custody soon thereafter.

McIlwain pled guilty on October 3, 2018. In exchange for his plea, the government agreed to ask for a sentence at the low

end of the Guidelines range -- eight months -- and to allow McIlwain to argue for a sentence of time served. McIlwain filed a sentencing memorandum requesting time served -- about four months.

On November 27, McIlwain filed an unopposed motion asking the district judge to order the probation officer to disclose the sentencing recommendation, pursuant to Rule 32(e)(3). The rule states that, "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." FED. R. CRIM. P. 32(e)(3). McIlwain noted that "[t]here is no such local rule in this district, nor has the court directed that the sentence recommendation not be disclosed." Motion for Disclosure of Sent'g Rec. 1 (App. 35).

McIlwain also pointed out that not merely was his motion unopposed, but both the U.S. Attorney's Office and the U.S. Probation Office supported (and still support) the disclosure of sentencing recommendations as a matter of course. *Id.* at 1-2 (App. 35-36); *see* Letter from Federal Public Defender A.J. Kramer to Chief Judge Beryl A. Howell (May 15, 2017) (App. 41) (confirming the U.S. Attorney's continued support for routine disclosure); Letter from Chief U.S. Probation Officer Brian D. Shaffer to Chief Judge Beryl A. Howell (Sept. 6, 2017) ("2017 Shaffer Letter") (App. 39-40); Letter from U.S. Attorney Eric H. Holder to Judge Thomas F. Hogan, Chair, District Court Rules Committee (Sept. 22, 1995) ("1995 Holder Letter") (App. 49-50).

Nonetheless, at the November 30, 2018 sentencing hearing, the district judge denied McIlwain's motion to disclose the recommendation. 11/30/18 Sent'g Tr. 2 (App. 57). After acknowledging that he had discretion in the matter, the judge explained his decision as follows:

> Sentencing has become too complicated and the guidelines have become too complicated[,] . . . and I find . . . [the] experienced probation officers['] . . . recommendations . . . very helpful . . . . I have been concerned and remain concerned that the candor of those recommendations would be affected by their disclosing them and having to answer for them to outside counsel. And because they're officers of the court, I have always treated them as confidential and have always exercised my discretion to maintain their confidentiality and do not disclose them . . . , and so I have always maintained that policy myself and I have interpreted the rule to not require a judge to require . . . disclosure.

*Id.* at 3 (App. 58). The judge then concluded:

> I don't think, in any particular individual case, [disclosure] would necessarily have any great effect, but the cumulative effect of the different relationship that I would have in particular with the probation officers and the candor of their recommendations and their ability to assist the Court in the sentencing process, I have consistently thought, would be greatly affected, and so I will deny the motion.

*Id.* at 3-4 (App. 58-59). Thereafter, the judge rejected McIlwain's request for time served and instead sentenced him to eight months, as the government had requested. *Id.* at 19 (App. 74).

McIlwain now appeals, raising a single argument: "The district court improperly refused to disclose the sentencing recommendation." McIlwain Br. 9.

5

II

Rule 32(e)(3) provides:

> By *local rule* or by *order in a case*, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

FED. R. CRIM. P. 32(e)(3) (emphasis added). The notes of the Advisory Committee on Criminal Rules make clear that the rule's inverse is also true: If the court does not direct nondisclosure "in an individual case or in accordance with a local rule," then "the recommendation . . . is subject to disclosure." FED. R. CRIM. P. 32, advisory committee note to 1994 amendment.[1] Thus, the default position -- in the absence of a local rule or order in a case -- is disclosure. *See* Gov't Br. 8 (agreeing "that the default position of Rule 32(e)(3) is that the recommendation must be disclosed" (internal quotation marks omitted)).

That has not always been so. The rule governing presentence investigations was originally adopted in 1944 and, by 1966, provided that "[t]he court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation." FED. R. CRIM. P. 32(c)(2) (1966). The 1966 rule did not specifically mention the sentencing recommendation at all, and it left the decision whether to disclose the presentence report up to the district court. Both of those things remained true until the 1974 amendment, when the rule was changed to

---

[1] *See United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule . . . .").

require that the district court "*shall upon request* permit the defendant . . . to read the report of the presentence investigation *exclusive of any recommendation* as to sentence." FED. R. CRIM. P. 32(c)(3) (1975) (emphasis added). In 1983, the requirement that the defendant request the report was removed, making disclosure of the report automatic. FED. R. CRIM. P. 32(c)(3)(A) (1983). Left in place, however, was the bar against disclosing the recommendation. *Id.*

Finally, in 1994, the essence of the current rule was adopted: "Not less than 35 days before the sentencing hearing . . . the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government. The court may, by local rule or in individual cases, direct that the probation officer not disclose the probation officer's recommendation, if any, on the sentence." FED. R. CRIM. P. 32(b)(6)(A) (1994). In 2002, the text of that provision was changed, solely for stylistic purposes, and the provision was renumbered as Rule 32(e)(2) and (3). *See* FED. R. CRIM. P. 32, advisory committee note to 2002 amendment. The current text of the second sentence just quoted now reads: "By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." FED. R. CRIM. P. 32(e)(3).

As this history shows, the defaults for both the report and the recommendation have evolved over time. Disclosure of the report was formerly optional, and disclosure of the recommendation was prohibited. Now, disclosure of the report is mandatory, as is disclosure of the recommendation -- absent a "local rule" or "order in a case."

The question before us, therefore, is whether a "local rule" or "order in a case" properly barred disclosure here. The answer

to the "local rule" part of the question is easy. That term does not refer to a rule governing proceedings before a single judge (often referred to in this district as a "standing order"). Rather, it refers to a rule, adopted by a majority of the judges of the relevant district court, that governs proceedings before every judge of that court. *See* FED. R. CRIM. P. 57(a)(1).[2] The U.S. District Court for the District of Columbia has not adopted any local rule regarding disclosure of a probation officer's sentencing recommendation. *See* Letter from Chief Judge Beryl A. Howell to Federal Public Defender A.J. Kramer (Sept. 20, 2017) (App. 38). Thus, as the government acknowledges, the district judge did not deny McIlwain's motion for disclosure (or direct nondisclosure) pursuant to the "local rule" provision. Gov't Br. 10.

As both parties agree, however, the judge here did issue an "order in a case" -- namely, McIlwain's case -- that effectively directed the probation officer not to disclose the sentencing recommendation. Gov't Br. 12; Oral Arg. Tr. 5:17-21 (McIlwain's counsel); *see* 11/30/18 Sent'g Tr. 4 (App. 59); Minute Order (11/30/18). The order, which denied McIlwain's motion for disclosure, had that effect because everyone concerned understood the judge's position to be that the probation officer could not disclose the officer's

---

[2] Rule 57(a)(1) provides:

> (1) *Adopting Local Rules*. Each district court acting by a majority of its district judges may, after giving appropriate public notice and an opportunity to comment, make and amend rules governing its practice. A local rule must be consistent with -- but not duplicative of -- federal statutes and rules adopted under 28 U.S.C. § 2072 . . . .

FED. R. CRIM. P. 57(a)(1).

recommendation without an affirmative order. *See* 11/30/18 Sent'g Tr. 2 (App. 57); McIlwain Br. 4-5, 12. We therefore turn to McIlwain's contention that the nondisclosure order was improper.

### III

Once again, Rule 32(e)(3) provides that, "[b]y order in a case, the court *may* direct the probation officer not to disclose . . . the officer's recommendation on the sentence." FED. R. CRIM. P. 32(e)(3) (emphasis added). "The word 'may' clearly connotes discretion." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016). And the 1994 Advisory Committee notes confirm this reading: "Under th[e] new provision . . . , the court has the *discretion* (in an individual case or in accordance with a local rule) to direct the probation officer to withhold any final recommendation." FED. R. CRIM. P. 32, advisory committee note to 1994 amendment (emphasis added).

Because the rule grants the district court discretion, it follows that we review the court's order for abuse of discretion. This conforms with how we treat other federal rules providing that a district court "may" do something: We have held that such rules authorize discretion and are reviewed for abuse of discretion.[3] Both parties to this appeal agree that this is the standard of review applicable to the district court's order here.

---

[3] *See, e.g.*, *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (Rule 16(d)(1): the court "may" grant protective orders); *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (Rule 7(f): the court "may" direct the government to file a bill of particulars); *United States v. Ginyard*, 444 F.3d 648, 651-53 (D.C. Cir. 2006) (Rule 23(b)(3): the court "may" permit an eleven-person jury to return a verdict).

*See* McIlwain Reply Br. 2, 4; Gov't Br. vi, 7-8; Oral Arg. Tr. 17:18-20 (government counsel).

But before we can assess whether the district court abused its discretion, we must determine what discretion under Rule 32(e)(3) entails.  That question -- the meaning of a federal rule itself -- is one we decide de novo.  *See, e.g.*, *United States v. Gewin*, 471 F.3d 197, 200 (D.C. Cir. 2006) ("A district court's interpretation of the Federal Rules of Evidence is a question of law, which we review de novo."); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003) ("Whether the lower court applied the proper legal standard in exercising [its] discretion . . . is a question of law reviewed *de novo*.").

We turn first to the scope of a district court's discretion under the rule.  We then address the manner in which McIlwain's sentencing court exercised that discretion.

A

To determine the scope of the court's discretion, we begin with the text of the current rule, which (as relevant here) authorizes an individual judge to direct nondisclosure "by order in a case."  The best reading of that language is that the order must be based on something particular about the "case" at issue -- as distinct from an order governing all cases coming before an individual judge.  Had the drafters intended Rule 32 to authorize that latter kind of order, they could easily have said so.  They could have accomplished that end either by simply leaving "in a case" out of the provision or by providing for nondisclosure pursuant to a judge's standing order -- just as they expressly authorized each federal district to adopt a nondisclosure policy by "local rule," applicable to every judge and every case in the district.

This reading is confirmed by examining the text of the rule as it stood in 1994. As recounted in Part II above, that version of the rule stated: "The court may, by local rule or *in individual cases*, direct that the probation officer not disclose the probation officer's recommendation . . . ." FED. R. CRIM. P. 32(b)(6)(A) (1994) (emphasis added). The reference to "in individual cases," even more strongly than the current text's reference to "in a case," indicates that the drafters did not intend to authorize the use of a standing order applicable to all of a judge's cases. And the Advisory Committee notes make clear that the 2002 amendment that produced the current text was not intended to change the meaning of the 1994 rule.[4]

This reading is further confirmed by the 1994 Advisory Committee notes, which expressly state that, "[u]nder th[is] provision . . . , the court has the *discretion* (in an *individual* case or in accordance with a local rule) to direct the probation officer to withhold any final recommendation." FED. R. CRIM. P. 32, advisory committee note to 1994 amendment (emphasis added). To exercise "discretion" in an "individual" case, there must be something about that individual case that warrants the exercise of discretion. Accordingly, a policy of always barring disclosure -- regardless of an "individual" case's circumstances -- does not constitute the exercise of discretion authorized by Rule 32.

This reading likewise fits with how the Supreme Court defines discretion. "[D]iscretion," the Court has explained,

---

[4] FED. R. CRIM. P. 32, advisory committee note to 2002 amendment ("The language of Rule 32 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only, except as noted below [with respect to provisions not at issue here].").

entails a duty "to locate a just result in light of the circumstances peculiar to the case." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975) (internal quotation marks omitted). And it also fits with the Court's definition of what discretion is *not*: "The term 'discretion' denotes the absence of a hard and fast rule." *Langnes v. Green*, 282 U.S. 531, 541 (1931).

Finally, our reading is compelled by this circuit's repeated holdings regarding an analogous provision of an earlier version of Rule 32 that governed permissive disclosure of presentence reports. As we also recounted in Part II, by 1966 the rule's language with respect to the presentence report closely resembled its current language regarding the probation officer's recommendation. It stated: "The court before imposing sentence *may* disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation . . . ." FED. R. CRIM. P. 32(c)(2) (1966) (emphasis added). Thereafter, we consistently interpreted this conferral of discretion to require that district judges rely on case-specific reasons when denying disclosure.

In *United States v. Queen*, for example, the district court had "refused disclosure of the presentence report pursuant to [its] general policy of non-disclosure, and without any reference to the need for disclosure or confidentiality in the circumstances of this particular case." 435 F.2d 66, 67 n.2 (D.C. Cir. 1970). We held, to the contrary, that "the discretion called for by Rule 32 is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy of non-disclosure in all cases irrespective of circumstances." *Id.* at 67.

In *United States v. Bryant*, the district court similarly had denied, "consistently with the judge's uniform policy," a defendant's request to inspect the presentence report. 442 F.2d 775, 776 (D.C. Cir. 1971). Adhering "to the view expressed in

*Queen* that the discretion [under Rule 32] must be exercised in each individual case," we held that the district court "did not properly exercise its discretion in denying the request." *Id.* at 777, 776; *accord United States v. Dockery*, 447 F.2d 1178, 1184 (D.C. Cir. 1971) (quoting *Queen*, 435 F.2d at 67, and *Bryant*, 442 F.2d at 777-78); *cf. Pillai v. Civil Aeronautics Bd.*, 485 F.2d 1018, 1027 n.27 (D.C. Cir. 1973) ("We have repeatedly held that a trial judge, to be held to have properly exercised his discretion, must necessarily have . . . knowingly made a selection of the legal alternatives in relation to the facts of the particular case . . . ." (citing *Queen*, 435 F.2d 66)).[5]

In sum, these authorities make clear that a district court exercising its discretion to withhold a probation officer's sentencing recommendation under Rule 32(e)(3) must ground that decision in the circumstances of a particular case. The rule

---

[5] The Second Circuit took the same view of the rule. In *United States v. Brown*, that court said:

> When the Federal Rules of Criminal Procedure were amended in 1966 to provide . . . that the sentencing court "may disclose" the pre-sentence report, it certainly was intended that the sentencing court exercise its discretion in each case. It is equally clear that when a judge states, as he did here, that in effect his policy is never to disclose presentence reports, that is not an exercise of discretion on an individual basis. Discretion under [then-]Rule 32(c)(2) must be exercised on a case-by-case basis, not by a blanket policy of non-disclosure.

470 F.2d 285, 287-88 (2d Cir. 1972) (citing *Bryant*, 442 F.2d 775, as well as cases from the Seventh and Eighth Circuits).

does not grant the district court discretion to adopt a blanket policy applicable to all sentencings that come before it.

B

With this understanding of discretion in hand, we next ask whether the district court properly exercised its discretion in this case. The government agrees that, under Rule 32(e)(3), an individual judge may not adopt a "blanket policy" of nondisclosure that "applies in all cases." Oral Arg. Tr. 18:13-22. It further agrees that nondisclosure requires "case-specific reason[s]." *Id.* at 18:1-9. It insists, however, that the district court found such case-specific reasons here. As to this last point, we disagree.

At sentencing, the district court made clear that it was denying disclosure based on its own, blanket nondisclosure policy:

> [B]ecause they're officers of the court, I have *always* treated [the officers' recommendations] as confidential and have *always* exercised my discretion to maintain their confidentiality and do not disclose them . . . , and so *I have always maintained that policy* myself and I have interpreted the rule to not require a judge to require . . . disclosure. *So the motion for disclosure of their recommendation is denied.*

11/30/18 Sent'g Tr. 3 (App. 58) (emphasis added). Moreover, the court forthrightly acknowledged that its ruling was not based on circumstances particular to McIlwain's case:

> *I don't think, in any particular individual case, [disclosure] would necessarily have any great effect*, but the cumulative effect of the different relationship

that I would have in particular with the probation officers and the candor of their recommendations and their ability to assist the Court in the sentencing process, I have *consistently* thought, would be greatly affected, and so I will deny the motion.

*Id.* at 3-4 (App. 58-59) (emphasis added).  To bar disclosure "always," "consistently," and pursuant to a "policy" is to contravene *Queen*'s holding -- applicable to the current version of Rule 32 as well -- that "the discretion called for by Rule 32 is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy of non-disclosure in all cases irrespective of circumstances."  435 F.3d at 67; *accord Bryant*, 442 F.2d at 776.

Notwithstanding the transcript quoted above, the government maintains that the district court did rely on a case-specific reason.  This is the government's argument:  "The district court's conclusion that nondisclosure was necessary in McIlwain's particular case to avoid the 'cumulative effect' of repeat disclosures [on the probation officers' candor] constituted an adequate 'specific reason[] for its denial in this case.'" Gov't Br. 16 (quoting *Bryant*, 442 F.2d at 776).  But the court made clear that, in its view, nondisclosure was required in *every* case, regardless of any case's particular facts, in order to prevent such a cumulative effect.  *See* 11/30/18 Sent'g Tr. 3 (App. 58) ("I don't think . . . any particular individual case . . . would necessarily have any great effect, but the cumulative effect of the different relationship that I would have . . . would be greatly affected . . . .").  And the government acknowledges that the court's prevention-of-cumulative-effect rationale would in fact apply in every case:  "It's a case-specific reason," the government says, "that would apply in all cases." Oral Arg. Tr. 19:9-10; *see id.* at 20:9-11 (government counsel's acknowledgment that the judge "didn't point to anything

particular about McIlwain's case that made it different from other cases").

But a reason that applies in every case is not a case-specific reason. It is a uniform policy. And Rule 32 does not authorize an individual judge to issue a nondisclosure order on that basis.

None of this is to say that the district court's policy is unreasonable. The court defended its decision on the ground that "sentencing has become too complicated" for "law clerks . . . to keep up with," and that the views of "experienced probation officers" are therefore "very helpful to the Court." 11/30/18 Sent'g Tr. 3 (App. 58). The court feared that "the candor of [the officers'] recommendations would be affected by their disclosing them and having to answer for them to outside counsel." *Id*. The court's concerns are the same as those that animated the pre-1994 version of Rule 32, which required the district court to disclose the presentence report but barred disclosure of "any recommendation as to sentence," FED. R. CRIM. P. 32(c)(3)(A) (1974). *See United States v. Peterson*, 711 F.3d 770, 776 (7th Cir. 2013) ("At the time of its enactment, the purpose behind [barring disclosure of the recommendation] was to allow probation officers the opportunity to provide a candid assessment of the defendant to the court and to protect the effectiveness of the probation officer in the supervisory context." (citing FED. R. CRIM. P. 32, advisory committee note to 1974 amendment)).

The opposing position is also reasonable. Both the probation office and the U.S. Attorney's Office support disclosure. The probation office believes that routine disclosure of the recommendation has the potential to "strengthen[] the perception of the probation office's independent role in the

sentencing process." 2017 Shaffer Letter (App. 40).[6] The U.S. Attorney's Office likewise "agree[s] that it's good policy for judges to disclose the probation officer's recommended sentences," Oral Arg. Tr. 17:13-15, both because "an individual who faces incarceration should be apprised of any sentencing recommendation which may be considered by the court," and because routine disclosure may benefit the government as well, 1995 Holder Letter (App. 50). And as for McIlwain, he adds the concern that an undisclosed recommendation could contain factual misinformation or legal mistakes that the defendant would be unable to rebut before sentencing. *See* McIlwain Reply Br. 6-7; Letter from Federal Public Defender A.J. Kramer to Chief Judge Richard W. Roberts (July 21, 2014) (App. 47) (citing instances in which sentencing recommendations contained incorrect information not included in the presentence reports).

This policy debate, however, is beside the point. As both parties agree, the 1994 amendment "change[d]" the former rule, adopting instead a default rule of disclosure. Gov't Br. 9; *see* McIlwain Br. 11-12. An individual district judge can override that default rule only by exercising case-specific discretion, not by following a blanket policy of nondisclosure -- regardless of the reasonableness of the concerns that underlie that policy. By resting its decision on a blanket policy, rather than the facts of McIlwain's individual case, the district court acted outside of the discretion conferred by Rule 32.[7]

---

[6] The probation office also reported that it has found "no evidence to support the position that probation officer safety is compromised from routine disclosure" of the recommendation. 2017 Shaffer Letter (App. 39).

[7] In addition to arguing that the district court abused its discretion by failing to grant his motion for disclosure, McIlwain argues that

IV

Although the district court erred in denying McIlwain's motion on the basis of a blanket policy, we must nonetheless affirm the court's judgment if that error was harmless. *See* FED. R. CRIM. P. 52(a). In the sentencing context, an "error [is] harmless . . . [if] the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). But "[i]f we ha[ve] any doubt as to whether the erroneous understanding the District Court expressed . . . affected the District Court's sentencing decision, we w[ill] not hold the error to be harmless." *United States v. Ayers*, 795 F.3d 168, 176 (D.C. Cir. 2015).

The government argues that "[t]here is no indication that the district court relied on the probation officer's sentencing recommendation in imposing its sentence." Gov't Br. 17. Maybe so. But the government bears the burden of showing that the district court did *not* rely on the recommendation. *See United States v. Powell*, 334 F.3d 42, 45 (D.C. Cir. 2003) (explaining that the harmless error rule "places the 'burden of showing the absence of prejudice' on the government" (quoting *United States v. Olano*, 507 U.S. 725, 741 (1993))); *see also Williams*, 503 U.S. at 203 ("If the party defending the sentence *persuade*s the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required . . . and the court of appeals may affirm the sentence . . . ." (emphasis added)).

---

Rule 32 requires the probation officer to disclose the sentencing recommendation automatically, without a motion by the defendant. McIlwain Reply Br. 1-2. Because McIlwain did file a motion, which we hold was erroneously denied, we need not address this secondary argument.

18

In this case, the district court did not itself give any indication of nonreliance. To the contrary, the judge said that "I find . . . [the] experienced probation officers['] recommendations . . . very helpful" as a general matter. 11/30/18 Sent'g Tr. 3 (App. 58). Nor can we conclude that there was no misinformation, factual or legal, in the recommendation. As we said with respect to the undisclosed presentence report in *Bryant*, "[i]t is difficult to see how it can be known whether a court has relied upon misinformation unless the information is disclosed to the defendant or his counsel." 442 F.2d at 778. Accordingly, we cannot say that the district court's error did not affect the sentence it imposed.

V

For the foregoing reasons, we vacate McIlwain's sentence and remand for resentencing. *See Bryant*, 442 F.2d at 778-79; *Brown*, 470 F.2d at 288. On remand, the district court must disclose the probation officer's sentencing recommendation unless it finds that case-specific reasons justify nondisclosure.

*So ordered.*

SENTELLE, *Senior Circuit Judge*, concurring in part and concurring in the judgment: The majority has done an excellent job of reciting the history of the shift of normative rules governing a district judge's discretion to release or withhold a probation officer's sentencing recommendation under Fed. R. Crim. P. 32. As the majority notes, the district judge was long obligated to withhold, then granted, discretion to release, and now exercises, perhaps, a more cabined discretion.

The result of this unfolding progression is embodied in the present language "by order in a case, the court *may* direct the probation officer not to disclose . . . the officer's recommendation on the sentence." Fed. R. Crim. P. 32(e)(3) (emphasis added). As the majority notes, the language of the rule recognizes discretion residing in the district judge. " 'The word "may" clearly connotes discretion.' " Maj. Op. at 8 (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016)). The majority concludes that if the drafters had "intended Rule 32 to authorize" an order by the district court reflecting a general policy in all cases rather than a case-specific analysis, the drafters "could easily have said so." Maj. Op. at 9. If the story ended there, I would express my recognition that if the drafters intended to deprive district courts of a type of discretion they had long exercised, they could have expressly said that as well. I would therefore have dissented. But the story does not end there.

The majority relies with great credibility on *United States v. Queen*, 435 F.2d 66, 67 (D.C. Cir. 1970), as reiterated in *United States v. Bryant*, 442 F.2d 775, 777 (D.C. Cir. 1971), that "the view expressed in *Queen* that the discretion [under Rule 32] must be exercised in each individual case . . . ." While *Queen* and *Bryant* are clearly distinguishable from this case, as they applied to the presentence report *per se* and not a recommendation, this case is sufficiently parallel to fall within their precedential force. Therefore, I agree with the majority

that the district court erred in withholding the presentence recommendation without a case-specific rationale.

Once the hurdle is crossed establishing error, I agree with the majority that we cannot say that that error was harmless beyond a reasonable doubt.  I therefore, in the end, concur in the majority's judgment.