**Andre R. SPRINGS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7049.**

District of Columbia Court of Appeals.

Argued Sept. 12, 1973.

Decided Nov. 12, 1973.

Harry A. Inman, Washington, D. C., appointed by this court, for appellant.

Garey G. Stark, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and C. Madison Brewer, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

Appellant Andre R. Springs was convicted after a jury trial for violation of D.C. Code 1967, § 22–3501 (taking indecent liberties with a minor).

On appeal his main contention is that a combination of actions taken by the trial judge—questioning of witnesses, communicating with the jury outside the presence of defense counsel, and reinstructing the jury on the issue of corroboration—had

the cumulative effect of denying him a fair trial.[1] We disagree.

■ Although a trial judge "in a criminal case has the power to participate in the examination of witnesses when it is necessary to '[make] the case clear to the jurors,' this power should be sparingly exercised," United States v. Green, 139 U.S. App.D.C. 75, 81, 429 F.2d 754, 760 (1970) (footnotes omitted), particularly in a jury trial where the potential for prejudice is greatly enhanced. Jackson v. United States, 117 U.S.App.D.C. 325, 326, 329 F.2d 893, 894 (1964). The trial judge must be a disinterested and objective participant in the proceeding. As Judge Learned Hand said: "Prosecution and judgment are two quite separate functions in the administration of justice; they must not merge." United States v. Marzano, 149 F.2d 923, 926 (2d Cir. 1945).

■ Nevertheless, after scrutinizing the record we cannot find reversible error. "We have emphasized in the past the responsibility of trial counsel to make objection, out of the hearing of the jury, if it appears to him that the trial judge's participation . . . [is] on the side of the prosecution." United States v. Green, *supra* at 81, 429 F.2d at 760. In the instant case the alleged prejudice occurred throughout the trial providing ample opportunity to object, but no such objection was made. Additionally, the judge's examination of the witnesses did not prejudice appellant. The questions by the judge were neither hostile nor were they coupled with critical remarks that would undoubt-

edly tend to prejudice a jury. We therefore hold the judgment of conviction does not warrant reversal.

Appellant also contends, and the government concedes, that the judge's refusal to disclose any portion of the presentence report upon request of defense counsel, together with his stated policy that he never discloses the presentence report, demonstrates a failure to exercise the discretion required by Super.Ct.Cr.R. 32(b)(2). We agree.

Rule 32(b)(2) of the Criminal Rules of the Superior Court provides:

The court before pronouncing sentence *may* disclose to the defendant's counsel and to the prosecuting attorney all or part of the material contained in the report of the presentence investigation. . . . [Emphasis supplied.]

Because the language of this rule essentially follows that of Rule 32(c)(2) of the Federal Rules of Criminal Procedure,[2] both the advisory note and the cases interpreting the federal rule provide guidance for the proper interpretation of the Superior Court rule.

We adhere to the view expressed in United States v. Queen, 140 U.S.App.D.C. 262, 263, 435 F.2d 66, 67 (1970), "that the discretion called for by Rule 32 is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy of nondisclosure in all cases irrespective of circumstances. . . ." *Accord,* United States v. Bryant, 143 U.S. App.D.C. 53, 55, 442 F.2d 775, 777 (1971).

---

1. Neither the trial judge's communications with the jury nor his reinstruction on corroboration bolsters appellant's argument. Appellant concedes the communications were not prejudicial. Although the trial court should have refrained from communicating with the jury outside the presence of defense counsel, *see* Super.Ct.Cr.R. 43, "[s]uch an error does not require reversal . . . when the record shows with reasonable certainty that it did not prejudice the defendant's substantial rights." Walker v. United States, 116 U.S. App.D.C. 221, 222, 322 F.2d 434, 435 (1963).

In addition, the instruction on corroboration, similar to the one in United States v. Green, 139 U.S.App.D.C. 75, 79–80, 429 F.2d 754, 758–759 (1970), was proper.

2. Fed.R.Crim.P. 32(c)(2) provides:
The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. . . .

Furthermore, as the advisory committee stated: "It is hoped that courts will make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences." Notes of Advisory Committee on Rules, 18 U.S.C. Rule 32.

██ In the instant case the trial judge had a uniform policy of refusing disclosure of presentence reports. At the outset of the sentencing proceeding, defense counsel requested permission to inspect the presentence report. In response the judge said: "It's not my policy. Denied." We hold that the trial judge failed to exercise his discretion under Rule 32(b)(2). Accordingly, the sentence is vacated and the case is remanded for resentencing in a manner not inconsistent with this opinion.[3]

Affirmed in part; remanded in part.

---

3. Appellant further contends that the trial judge erred by refusing to allow impeaching testimony that complainant, a minor, had a reputation both for unchastity and as an agitator. We hold the trial judge did not abuse his discretion in finding the proffered testimony irrelevant.