Joseph E. HOUSTON, Appellant,

v.

UNITED STATES, Appellee.

No. 88–493.

District of Columbia Court of Appeals.

Argued May 23, 1991.
Decided June 19, 1991.

Veronice A. Holt, appointed by this court, Washington, D.C., for appellant.

Andrew S. Levetown, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., Noel A. Brennan, and Daniel M. Cisin, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before ROGERS, Chief Judge, and FERREN and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant Houston pleaded guilty to a charge of possession of heroin, a misdemeanor, in violation of D.C.Code § 33–541(d) (1988). After rejecting Houston's request to be sentenced under D.C. Code § 33–541(e) (1988), the trial court sentenced Houston to 180 days in jail, suspended execution of that sentence, and placed him on probation for eighteen months, with certain conditions.[1] Houston challenges

---

1. Section 33–541(d) makes possession of a controlled substance a misdemeanor. Section 33–541(e) permits a violator of section 33–541(d) who has not previously been convicted of any drug offense to be placed on probation for not more than one year without an adjudication of guilt. Upon successful completion of the term of probation, the court is required to dismiss the proceedings and discharge the defendant, and it

may do so sooner in its discretion. A defendant who receives the benefit of such treatment is also entitled, upon application to the court, to have all public records of the case expunged. See Neal v. United States, 571 A.2d 222, 224 (D.C.1990). The alternative to sentencing under section 33–541(e) is sentencing under section 33–541(d), which provides for imprisonment for a maximum of one year or a fine of up to $1000,

the trial court's refusal to sentence him under section 33–541(e). We vacate his sentence and remand for resentencing.

At sentencing, the following occurred:

MS. HOLT [defense counsel]: Your Honor, the only thing that I would add to the pre-sentence report is I'm not sure why the pre-sentence writer recommended probation without recommending probation under [section 33–541(e)].

THE COURT: Probably because the pre-sentence writer knows that *I don't give 541(e) when people are involved in selling and buying hard drugs, heroin and cocaine.* Marijuana, that's all well and good, but the epidemic that is going on now out in the streets of the District of Columbia, and the federal government and the Mayor having declared war on drug sellers and buyers, why, 541(e) is extraordinarily inappropriate. And if people weren't out there buying this hard stuff, then people out there selling it wouldn't be there selling it. So maybe that answers your question.

MS. HOLT: Well, I understand what Your Honor is saying as far as your policy, and it is true that there is ... a concerted effort to bring the buyers and sellers both into the courts and to end the drug sales.

But, nonetheless, there is a legislative policy that does permit the discretion of the Court to recognize that some people find themselves in this situation who are for the first time charged, and who have led law-abiding lives.

THE COURT: And I also have discretion respecting whether to use it or not.

MS. HOLT: I understand that, Your Honor. I'm just pointing out that *if you have a policy that permits it for none, then that's a policy that basically eliminates the use of discretion and just eliminates the statute.*

Beyond that point, Mr. Houston does appear to be a proper candidate for probation. [Emphasis added.]

The trial court, after hearing from Houston himself, then sentenced him to a 180–day suspended sentence with eighteen months' probation, without any further discussion of the possibility of sentencing under section 33–541(e).

■ As the statutory language makes clear, the decision to sentence under section 33–541(e) rather than section 33–541(d) is entrusted to the trial court's discretion.[2] *See Neal v. United States, supra* note 1, 571 A.2d at 224; *Williams v. United States,* 571 A.2d 212, 215 (D.C.1990). We will, however, reverse a trial court's ruling on a matter within its discretion when the trial court, while recognizing its right to exercise discretion, "declines to do so, preferring instead to adhere to a uniform policy...." *Johnson v. United States,* 398 A.2d 354, 363 (D.C.1979) (citations omitted). When a party has called upon the court for a discretionary ruling, it is improper for the court to refuse to decide the question as a matter of discretion, but instead purport to be bound by a hard and fast rule. *See Grow v. Wolcott,* 123 Vt. 490, 492, 194 A.2d 403, 404 (1963), cited in *Johnson, supra,* 398 A.2d at 364. "[T]he discretion called for ... is the exercise of discretion in individual cases, not the discretion of the trial judge to adopt a uniform policy ... in all cases irrespective of circumstances...." *United States v. Queen,* 140 U.S.App.D.C. 262, 263, 435 F.2d 66, 67 (1970) (footnote omitted), cited with approval in *Springs v. United States,* 311 A.2d 499, 500 (D.C. 1973).

■ It is clear from the transcript excerpt quoted above that the trial court recognized that it had discretion to sentence Houston under section 33–541(e). It is equally clear, unfortunately, that the court refused to sentence Houston under section 33–541(e) because it had an established policy of never using that provision when heroin or cocaine was involved ("I don't give 541(e) when people are involved in selling

---

or both. "Ordinary" probation under D.C.Code § 16–710 (1989), such as that which Houston received in this case, is also available.

**2.** D.C.Code § 33–541(e)(1) states that if a person with no prior drug convictions is convicted of violating section 33–541(d), "the court *may,* without entering a judgment of guilty ... place him or her on probation ..." (emphasis added).

and buying hard drugs, heroin and cocaine"). Adherence to such a uniform policy instead of exercising choice is precisely what this court, in *Johnson* and *Springs*, has recognized as an abuse of discretion.

We see no material difference between *Springs* and this case. In *Springs* we vacated a sentence and remanded for resentencing because the trial judge, in response to a request by defense counsel for permission to examine the presentence report, said to counsel, "It's not my policy. Denied." On the authority of *Springs* and *Johnson*, we follow the same course here. We vacate appellant Houston's sentence and remand this case for resentencing consistent with this opinion.

*Vacated and remanded.*