Amanda L. COOPER, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CF–472.

District of Columbia Court of Appeals.

Submitted April 22, 1996.
Decided May 16, 1996.*

Thomas D. Engle, appointed by the court, Indianapolis, IN, and Sharon L. Burka,

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Washington, DC, were on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas C. Black, Mary McCord, and Gary Collins, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

A jury convicted appellant of willfully failing to appear before the Superior Court in violation of D.C.Code § 23-1327(a) (1995 Supp.) (Bail Reform Act). Appellant argues on appeal that (1) the evidence was insufficient to support her conviction; (2) the court erred in ruling that appellant's drug use was an improper argument in support of her defense; (3) the prosecutor improperly impeached appellant with evidence of a prior inconsistent statement regarding her drug use; and (4) the prosecutor improperly impeached appellant with the facts involved in her underlying conviction. We affirm.

On February 1, 1989, appellant was charged by indictment with one count of distribution of cocaine and one count of possession of cocaine with intent to distribute. Appellant pled guilty to attempted distribution of cocaine on March 22, 1989, and her case was continued to May 5, 1989, for sentencing. Prior to leaving the courtroom, appellant was given a "notice to return to court" which required her to return to the court for sentencing "on May 5, 1989, before Judge Scott, in felony court, courtroom number 311 on the 3rd level, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W." Appellant's signature appears on this notice next to the signature of the deputy clerk of the trial court.

On May 5, 1989, appellant did not appear for sentencing and therefore Judge Smith of the trial court issued a bench warrant. Appellant was arrested on this warrant on October 12, 1994, and was charged with a violation of the Bail Reform Act on October 19,

1994. A jury found appellant guilty as charged after a two-day trial on February 16, 1995. The court sentenced appellant to not less than five months and not more than fifteen months incarceration, to be served consecutively with any other sentence.

**I.**

Appellant's first argument is that the evidence was insufficient to support her conviction, and therefore her motion for judgment of acquittal should have been granted. We have held:

> We will reverse a criminal conviction on that basis only if, after viewing the evidence in the light most favorable to the government, it can be said that the decision is clearly erroneous. Only if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt," can we reverse for insufficiency of the evidence.

*Raymond v. United States,* 396 A.2d 975, 978 (D.C.1979) (citations omitted). In order to convict an individual of a violation of the Bail Reform Act, "[t]he trier of fact must find (1) that the defendant was released pending trial or sentencing, (2) that he was required to appear in court on a specified date or at a specified time, (3) that he failed to appear, and (4) that his failure was willful." *Trice v. United States,* 525 A.2d 176, 179 (D.C.1987) (citation omitted).

Appellant argues that the government failed to establish proper notice because her notice to return to court did not specify the time of day on May 5, 1989 at which she was to appear. However, during the trial the prosecution presented testimony that defendants are generally notified orally regarding the time of the day at which they are to return to court. Appellant also admitted that she received oral as well as written notice of the date of her sentencing. Therefore, whether she received notice of the time at which she was to appear was a fact issue for the jury to resolve. The jury's determination that she received adequate notice was not clearly erroneous.[1]

---

1. Furthermore, appellant at least received notice of the date on which she was to appear. According

ing to the instruction given to the jury, apparently without objection: "If you find beyond a rea-

 Appellant also argues that the government did not establish that she failed to appear because there was no evidence that Judge Scott was sitting in the courtroom designated in appellant's notice to return on May 5, 1989. The record indicates, however, that the entry on the court's jacket shows that appellant did not appear before Judge Scott. Appellant admitted during cross examination that she did not return to the courthouse on May 5, 1989, and the appellant's brief on appeal states that "the failure to appear was conceded...." Therefore, appellant's claim on appeal that the government failed to prove this element of the crime charged lacks merit.

## II.

Appellant's next contention is that the trial court erred in ruling that appellant's drug use was an improper argument. Appellant attempted to argue that her failure to appear was not willful because her drug use caused her to be confused about her obligation to return to court. During their discussion about potential jury instructions, the court told appellant's counsel: "your argument about drug usage is completely improper...." Therefore, appellant did not raise this issue in his closing arguments. The judge then instructed the jury as follows:

> Now, you've heard evidence suggesting that the defendant was under the influence of drugs at the time of the charged offense. Drug use by itself does not relieve a person of responsibility for her acts.

Appellant claims that the court improperly foreclosed her argument regarding drug use and erred in giving this jury instruction over objection.

 According to the Bail Reform Act: "[a]ny failure to appear after notice of the appearance date shall be prima facie evidence that such failure to appear is willful." D.C.Code § 23–1327(b). We have held that "willful failure to appear requires a showing only of 'what is commonly referred to as a general intent of the defendant to commit the act of omission,' and that 'lack of an evil state of mind does not exculpate a bail jumping defendant.'" *Trice, supra,* 525 A.2d at 181 (citation omitted). Voluntary intoxication is not a valid defense to a general intent crime. *Carter v. United States,* 531 A.2d 956, 960 (D.C.1987). This court in *Carter* also held that voluntary intoxication could not be used in conjunction with a valid defense to a general intent crime.[2] *Id.* Therefore, the trial court did not err in finding that appellant's argument that her drug use supported her defense of mistake was improper. The trial court also properly instructed the jury regarding this issue.

## III.

Appellant also argues that the government improperly impeached her with a Pretrial Services Agency report prepared at the time of her arrest on the bench warrant in 1994 which indicated she continued to use cocaine. On direct examination, appellant's counsel had asked appellant about her attempts to stop using drugs and her participation in a detoxification program. The prosecutor asked appellant on cross-examination whether she had used drugs since she completed this program, and she responded that she had gone to the program a second time and had not used drugs for about a year. The prosecutor then asked her whether she had reported to the Pretrial Services Agency that she was currently using cocaine at the time of her arrest. Appellant denied telling the Pretrial Services Agency that she was using cocaine.

sonable doubt that the defendant had received notice of the date and place for her appearance before a court or judicial officer and that she failed to appear, as required, then you may infer that her failure to appear was willful." We approved that instruction in *Trice, supra.* In *Smith v. United States,* 583 A.2d 975 (D.C.1990), we said that a defendant "undoubtedly has an obligation to act diligently with respect to returning as required for a further court proceeding." *Id.* at 979. There is no indication whatever that

appellant made any effort to appear in Judge Scott's courtroom on the date indicated.

2. Appellant argues that this rule does not apply to her since the Bail Reform Act punishes her for *not* doing something. We do not agree. As we said in *Trice, supra,* the failure to appear in itself is an *"act* of omission." 525 A.2d at 181 (emphasis added).

Even assuming *arguendo* that this impeachment was improper, we find that any error that may have resulted was harmless. We have held that: "[t]o find harmless error, this court must be satisfied 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *Smith v. United States,* 666 A.2d 1216, 1225 (D.C.1995) (quoting *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). Here, appellant's counsel brought up the issue of appellant's drug use, and the government was merely responding to this line of questioning. The court also prevented the government from pursuing the issue once appellant denied cocaine use at the time of her arrest. Given the significant amount of evidence against appellant, and the fact that the issue of her recent drug use was irrelevant to her alleged violation of the Bail Reform Act, even if the government's impeachment as described above was improper, we can say with fair assurance that it did not substantially sway the judgment, and therefore, was harmless.

## IV.

Appellant's final contention is that the government improperly impeached appellant with the facts underlying the original drug charge. During cross examination of appellant, the following exchange took place:

> GOVERNMENT: Okay. Ms. Cooper, back in August, 1989, you were arrested in connection with a drug charge, were you not?
>
> APPELLANT: Yes, ma'am.
>
> GOVERNMENT: And in that case, you actually had distributed or sold cocaine to an undercover officer, had you not?
>
> APPELLANT: No, I did not.

Appellant's counsel objected and moved for a mistrial. The judge refused to grant a mistrial but sustained the objection and offered to tell the jury to disregard the question. However, appellant's counsel asked that the court not instruct the jury and move along. The prosecutor continued on a different line of questioning. Even though appellant had refused an immediate instruction, the trial court later charged the jury that it could "only consider the prior conviction in evaluating the credibility of [appellant's] testimony." The jury was also aware that appellant had previously been convicted of a drug-related charge. Given all the circumstances, we think that any prejudice that may have resulted from this particular questioning by the prosecutor was harmless to the outcome. Accordingly, the judgment of conviction appealed is

*Affirmed.*