**Robert L. PRICE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Leon McNeil, Appellant,**

v.

**United States, Appellee.**

**Nos. 98–CF–1430, 98–CF–1485.**

District of Columbia Court of Appeals.

Argued Feb. 1, 2000.
Decided March 2, 2000.

---

**898**

Elizabeth Figueroa, Washington, DC, appointed by the court, for appellant in No. 98–CF–1430.

Mitchell S. Baer, Washington, DC, appointed by the court, for appellant in No. 98–CF–1485.

Ayanna J. McKay, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN, Associate Judge, and FERREN and KING, Senior Judges.

GLICKMAN, Associate Judge:

In *Thomas v. United States*, 650 A.2d 183 (D.C.1994) (en banc), we held that in prosecutions under the District of Columbia Controlled Substances Act, codified as amended in D.C.Code § 33–501 *et. seq.* (1998), the government need only prove a measurable rather than a usable amount of the controlled substance in question. In the present appeals, appellants challenge their convictions under D.C.Code § 33–541(a)(1) for unlawful distribution of the controlled substance heroin because, they claim, the government failed to prove the presence of a measurable amount of the drug. We agree with that claim and accordingly reverse appellants' convictions.

### I.

Appellants were arrested on April 28, 1998, after selling two blue ziplock bags containing white powder to an undercover United States Park Police Officer. The bags were submitted to the Drug Enforcement Administration (DEA) laboratory for chemical analysis. At trial, the government introduced a "DEA–7" chemist's report to prove that the bags contained a measurable amount of a controlled substance. The chemist who prepared the report did not testify. The DEA–7 stated that the white powder in the two bags weighed 0.18 grams and was "found to contain a small amount of Heroin and Quinine." The report further stated that the heroin weighed "less than 0.5" milligrams and that its "strength" was "less than 0.5%." The report contained no further information as to the quantity of heroin in the two ziplock bags that appellants sold.

Detective Vincent Colmes testified for the government as an expert witness on the distribution, use and packaging of narcotics and related matters. He testified that the packaging and sale in this case were typical of street level heroin distribution. Not having prepared the DEA–7, Detective Colmes acknowledged that he had "no idea" how much heroin was in the ziplock bags that appellants sold, other than that it was less than 0.5 milligrams. He testified that he nonetheless believed that the report reflected a measurable amount of heroin in that "the measurement was less than 0.5 percent ."

Detective Colmes further testified that quinine, the second substance found by the DEA chemist, is used to "cut the heroin or bulk it up." In an average "hit," Detective Colmes stated, a usable amount for an individual heroin user would be approximately seventy to seventy-five milligrams of a mixture of both heroin and the quinine "cut." When asked how much heroin would be needed in such a mixture for an

average hit, Detective Colmes testified that, while it depends on the individual, the DEA "has established a particular dosage unit for heroin and that is five percent."

Appellants moved for a judgment of acquittal on the ground that the government had failed to establish that a measurable amount of heroin had been distributed. Denying those motions, the trial court stated that the government's burden is to prove a measurable amount, but not necessarily a "measured amount or a precisely measurable amount." The trial court concluded that "when [the DEA-7] has indications that a small amount of heroin and quinine were present, ... and that the strength of the heroin was less than 0.5 percent and its net quantity less than 0.5 milligrams, ... the government has shown that there was some heroin in that it was measurable."

## II.

■ In determining whether the evidence was sufficient to sustain a conviction, we utilize the same standard the trial court uses in ruling on a motion for a judgment of acquittal. *See Curry v. United States,* 520 A.2d 255, 263 (D.C.1987).

> So as not to displace the role of the jury, the court deciding the motion must review the evidence in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and making no distinction between direct and circumstantial evidence.... The motion for judgment of acquittal must be granted if the evidence, when viewed in the light most favorable to the government, is such that a reasonable juror *must* have a reasonable doubt as to the existence of any of the essential elements of the crime.

*Id.* (citations omitted). At a minimum, this means that the government "must present 'at least some probative evidence on each of the essential elements of the crime.'" *Robinson v. United States,* 506 A.2d 572, 573 (D.C.1986) (quoting *Jennings v. United States,* 431 A.2d 552, 555 (D.C.1981)).

■ In a prosecution for unlawful distribution of heroin, a Schedule I controlled substance, *see* D.C.Code § 33–514(2)(K), the government must show either by direct or circumstantial evidence that a measurable amount of heroin was distributed. *See Thomas,* 650 A.2d at 197. "[T]he term measurable is defined as capable of being measured or quantified." *Id.* at 197 n. 48. The government need not prove the presence of a "usable" amount of the controlled substance, *i.e.,* "an amount which can be used as a narcotic," *Edelin v. United States,* 227 A.2d 395, 397 (D.C. 1967), though if the government does establish such usability it will have met its burden, since "if a substance is usable it is also measurable." *Thomas,* 650 A.2d at 197 n. 46. If, however, the evidence merely establishes that a trace of the controlled substance was detected, without also showing that the detectable amount is quantifiable, then the evidence is insufficient to sustain a conviction. *See id.* at 196. For example, this court held in *Singley v. United States,* 533 A.2d 245 (D.C.1987), that a chemical analysis of 70 milligrams of white powder which indicated only a "small amount" of heroin, without further evidence of either measurability or usability, was insufficient to sustain a conviction for possession of a controlled substance under D.C.Code § 33–541(d).[1]

■ The government ordinarily establishes the presence of a measurable amount of a controlled substance by means of a chemist's report stating the weight of the drug in question. *See Thomas,* 650 A.2d at 197. In this case, however, the

1. *Singley* was decided prior to this court's en banc decision in *Thomas* changing the standard of proof from a usable amount to a measurable amount of the controlled substance. However, *Thomas* reaffirmed the holding of *Singley* on the ground that no evidence of measurability was presented in that case. *See Thomas,* 650 A.2d at 194.

chemist's report does not set forth a measured weight.[2] The DEA-7 establishes only that the quantity of heroin was a "small amount" that was less than a very low ceiling (under 0.5 milligrams, or less than 0.28% of the 0.18 grams of powder seized).[3] Thus, as in *Singley*, the report does not disclose whether the amount of heroin is measurable or not. The report establishes only the presence of a trace or detectable amount of heroin, which is insufficient under *Thomas*.

■ The government argues that even if the DEA-7 was insufficient, its expert witness, Detective Colmes, established that there was a measurable amount of heroin by testifying that the white powder that appellants sold was packaged and distributed as if it contained a usable quantity of the drug. In point of fact, according to the testimony of Detective Colmes, the detected heroin (less than 0.5% of the mixture) was no more than a tenth of the dosage (5%) established by the DEA. If anything, that testimony suggested that appellants did *not* sell a usable quantity of heroin. Even setting aside that testimony, appellants cannot be convicted of violating D.C.Code § 33-541(a)(1) for selling what may have been an unusable, unmeasurable trace amount of heroin merely because they packaged and sold it as if it were usable. Under *Thomas*, that may be consumer fraud, but it is not unlawful distribution of a controlled substance.[4]

We conclude that there was insufficient evidence that appellants sold a measurable amount of heroin to sustain their convictions. The judgments of conviction are accordingly

*Reversed.*

2. At oral argument, appellants' counsel stated without contradiction by the government that the DEA-7 in this case is unusual in not reporting a measured weight of the controlled substance in the sample analyzed.

3. It is immaterial that the total amount of the quinine-heroin powder mixture was measurable, or that it was in fact measured at 0.18 grams. Unlike mixtures containing cocaine, the combination of heroin and cutting agent is not itself a controlled substance as specified in D.C.Code § 33-514. *Cf. Hicks v. United States*, 697 A.2d 805 (D.C.1997) (sufficient for government to prove a measurable amount of a mixture containing cocaine without proving that amount of the active ingredient cocaine itself is measurable, because mixture of cocaine and a cutting agent is statutorily defined to be a controlled substance in its own right in D.C.Code § 33-516(1)(D)).

4. In *Thomas*, this court specifically rejected the proposition that by proving a sale of a controlled substance the government is also proving that the quantity sold was usable (and therefore measurable). The court held that the government must prove a measurable amount of the controlled substance in drug trafficking cases as well as in simple possession cases. *Thomas*, 650 A.2d at 193, 197. *Cf. Singley*, 533 A.2d at 248 (defendant's "subjective intentions alone are irrelevant to the actual contents of the powder").

We do not suggest that the circumstances of packaging and sale may not constitute some evidence of usability/measurability in controlled substance prosecutions, only that in the present case such evidence did not suffice to meet the government's burden. The government relies on two pre-*Thomas* cases, *Gray v. United States*, 600 A.2d 367 (D.C.1991), and *Wishop v. United States*, 531 A.2d 1005 (D.C.1987), but neither case supports the government's position here. In contrast to the present case, in both *Gray* and *Wishop* the prosecution adduced evidence of the actual measured weight of the controlled substances in question. This evidence was supplemented by expert opinion testimony regarding usability, in addition to the circumstantial evidence that the drugs were offered for sale in quantities and packaging indicative of usability.