*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 12-CM-1211 and 12-CM-1336

LURISA LINDSAY and TERRANCE DEAN DAVIS, APPELLANTS,

V.

UNITED STATES, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(DVM-656-12 and DVM-655-12)

(Hon. Brian Holeman, Trial Judge)

(Argued January 9, 2014                           Decided January 10, 2014)

(Opinion Issued January 30, 2014)

*Joel R. Davidson* for appellant Lurisa Lindsay.

*David Carey Woll* for appellant Terrance Dean Davis.

*Kristina L. Ament*, Assistant United States Attorney, with whom *Ronald C. Machen Jr.*, United States Attorney, and *Elizabeth Trosman* and *John P. Mannarino*, Assistant United States Attorneys, were on the brief, for appellee.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and KING, *Senior Judge*.

FISHER, *Associate Judge*: Following a bench trial, appellants Lurisa Lindsay

and Terrance Dean Davis were found guilty of simple assault, and both were

sentenced to periods of incarceration. They seek resentencing by a different judge, complaining that the trial court warned them, prior to trial, that if they rejected the deferred sentencing agreements offered by the government and were convicted of assault, they would assuredly be sent to jail.[1] The government agrees that "these cases should be remanded to a different judge for resentencing."

By a judgment entered on January 10, 2014, we vacated appellants' sentences and remanded their cases for resentencing, without delay, by a different judge. This opinion explains our decision.

## I.    Factual Background

Appellants, along with codefendant Rose Lindsay (who was acquitted at trial), appeared before the trial court on April 13, 2012, for a status hearing. At the court's request, the government placed its plea offers, which included deferred sentencing agreements, on the record. Rose Lindsay's counsel promptly rejected the offer extended to her, which was "wired" to the offer made to appellant Lurisa Lindsay.

---

[1] Davis was also convicted of one count of destruction of property. Both appellants appealed their convictions on sufficiency of the evidence grounds, but we rejected those claims in our unpublished judgment.

In response, the judge made an announcement:

> I want to make sure that everybody's clear on this, and this would apply to all three defendants. All three of you are charged with a count of Simple Assault, as to the complaining witness here, and if there is a rejection of the plea offer and, therefore, no deferred sentencing agreement, and your clients go to trial on the Simple Assault and you're convicted on that count, there really isn't a question of whether there will be jail time because there will be. The question is how much jail time I will impose, and each one of you is exposed to . . . 180 days in jail.

The trial court further explained:

> I want everybody here who's in a position of rejecting a deferred sentencing agreement and going forward with a trial; people like to sometimes be rather bold in asserting that we don't want a deferred sentencing agreement. We want to go to trial. There's a risk involved in that. So you should know that as part of your contemplation of what's been offered here. And if you reject this deferred sentencing agreement, go to trial, lose at trial, there's going to be jail time on these Assault charges. It's just a question of what the amount is. Okay? So everybody knows that.

This admonition caused Rose Lindsay's attorney to request a moment to confer with his client, "based on the new information that's been presented this morning." After a break, Rose Lindsay's counsel withdrew her rejection of the plea offer and she and appellant Lindsay requested, and were granted, two weeks to consider the wired plea offers and "make sure our clients understand the Court's policy . . . ."

Appellant Davis rejected the government's plea offer without requesting additional time. Before setting a trial date, the court addressed Davis personally and determined that he "understood this Court when the Court discussed the issue of conviction on an Assault charge[.]"

Two weeks later, the lawyers for appellant Lurisa Lindsay and Rose Lindsay rejected the government's plea offers and announced that their clients wished to proceed to trial. The court addressed both women directly to make sure they "understood [its] admonition concerning conviction on Assault[.]"

After appellants were found guilty, the judge sentenced each of them to a period of incarceration.[2] During Davis's sentencing, the trial court explained:

---

[2] Appellants received 180 days in jail for their assault convictions, with the court suspending the execution of all but 45 days of Davis's sentence and all but
(continued…)

> When I am the judge in a case and you beat up on the mother of your child, okay, you are going to do jail time. You should know that. [Your attorney] has been in my courtroom enough times to know that and I'm sure he counseled you on that and the reason for that is that anytime there is an offense to the person, that is more offensive than an offense to property.

During Lindsay's sentencing, the trial judge gave several reasons why he was rejecting her request for probation. "This is a case that compels jail time and you should have recognized that."

## II.    Discussion

The trial court's statements raise at least three fundamental concerns. First, they could be perceived as judicial participation in plea negotiations in violation of Super. Ct. Crim. R. 11 (e). Indeed, the judge's comments appeared to encourage acceptance of the plea offers. Although appellants rejected the government's offer, "[a] defendant in [their] position could well have taken the judge's comments as coercive and have been concerned about the judge's impartiality in the event he

_____

(…continued)
30 days of Lindsay's sentence.   Both were permitted to serve the time on consecutive weekends.

chose to go to trial." *Leander v. United States*, 65 A.3d 672, 676 (D.C. 2013) (holding that judge's violation of Rule 11 (e) was harmless because plea was rejected and there was no evidence that a harsher sentence was imposed because defendant exercised his right to go to trial).

The judge's comments also created "an unacceptable risk" that appellants' sentences were enhanced because they rejected the plea offers. *See Thorne v. United States*, 46 A.3d 1085, 1092-93 (D.C. 2012). "A trial judge may not punish a defendant for exercising his Sixth Amendment right to trial." *Dalton v. United States*, 58 A.3d 1005, 1015 (D.C. 2013) (citing *Thorne*, 46 A.3d at 1090). We review, *de novo*, whether "the defendant's sentence reflect[s] an individuated judgment as to the balance of deterrence and rehabilitation applicable in [his] case rather than a categorical approach of using a maximum [or an increased] sentence for a defendant who required the government to prove his guilt beyond a reasonable doubt." *Thorne*, 46 A.3d at 1089 (citations and internal quotation marks omitted). In this case, the third defendant's acquittal and the enumeration of factors informing appellants' sentences demonstrate judicial impartiality and deliberation. Despite this, the judge's comments during sentencing reinforced the pretrial impression that appellants' requests for probation-only sentences would be futile. Thus, even if appellants' sentences were ultimately appropriate, it is not

clear from this record whether they are the result of the trial court's individuated judgment or are punishment for rejecting a deferred sentencing agreement. This is fundamental error.

It also appears that the trial court automatically incarcerated appellants according to a uniform policy. To the extent that a trial judge has discretion in sentencing, "[a]dherence to . . . a uniform policy instead of exercising choice is . . . an abuse of [that] discretion." *Houston v. United States*, 592 A.2d 1066, 1068 (D.C. 1991) (citations omitted). Throughout appellants' cases, the judge assured other waiting defendants, the appellants as a group, and then each appellant individually, that an assault conviction would result in jail time. In fact, during Davis's sentencing, the trial court remarked that its simple assault sentencing policy is so consistent that counsel should be aware of it from experience.

In light of these issues, we have vacated appellants' sentences and remanded their cases for resentencing. "[I]n deciding whether further proceedings should be conducted before a different judge, our primary concern must be to 'preserve the appearance of justice' as well as its reality." *Thorne*, 46 A.3d at 1093. To this end, we have directed that appellants be resentenced by a different judge.